# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **HELEN J. WEST,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:08-CV-1403-VEH** |
| | ) |
| **LIBERTY MUTUAL FIRE** | ) |
| **INSURANCE COMPANY; LISA H.** | ) |
| **CRYE; HAROLD E. CRYE,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff Helen J. West ("West"), originally filed this motor vehicle personal injury/insurance coverage case in the Circuit Court of Calhoun County, Alabama, on July 1, 2008.  (Doc. #1 at Ex. A. at Compl. at 1).  Defendants Liberty Mutual Fire Insurance Company ("Liberty"), Lisa H. Crye ("Ms. Crye"), and Harold E. Crye ("Mr. Crye")[1] removed this litigation to this court on August 6, 2008, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction.  (Doc. 1 ¶ 2).

---

[1] It is unclear from the record the exact familial relationship that Ms. Crye and Mr. Crye share, but the court believes it is likely daughter and father based upon West's claim for negligent entrustment.  (Doc. 1 at Ex. A at Compl.  ¶¶ 23-28).

Because the court *sua sponte* concludes that it lacks subject matter jurisdiction on the grounds of diversity, the case is due to be remanded to the Circuit Court of Calhoun County. Additionally, the court acknowledges Defendants' request in their petition "to present a brief and oral argument in support of [their] position that this case is removable." (Doc. 1 ¶ 17). For the reasons explained at the end of this memorandum opinion, the court denies Defendants' request.

## II.   SUBJECT MATTER JURISDICTION

### A.   General Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act

without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised

3

upon lack of subject matter jurisdiction, are entirely insulated from review.  More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### 1.   Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d

1365, 1367 (11th Cir. 1994).  In their notice of removal, Defendants have effectively

met the diversity of citizenship requirement based upon the stated residencies of West

in Georgia (*see* Doc. 1 ¶ 4; Doc. 1 at Ex. A at Compl. ¶ 2 (indicating West as resident

of "McDonough, Henry County Georgia")); Ms. Crye in Tennessee (*see* Doc. 1 ¶ 6);

Mr. Crye in Tennessee (*see* Doc. 1 ¶ 7); and the stated citizenship of Liberty (*i.e.*,

both its place of incorporation and its principal place of business) in Massachusetts.

(Doc. 1 ¶ 5).

### 2.    Amount in Controversy Requirement

Regarding amount in controversy, "when Congress created lower federal

courts, it limited their diversity jurisdiction to cases in which there was a minimum

monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d

1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)).

Today, the threshold amount in controversy for diversity jurisdiction, excluding

interests and costs, is $75,000.  28 U.S.C. § 1332.  It is beyond question that this

court has an independent jurisdictional duty to evaluate whether a removing

defendant has satisfied the amount in controversy requirement.

"[W]here a plaintiff has made an unspecified demand for damages in state

court, a removing defendant must prove by a preponderance of the evidence that the

amount in controversy more likely than not exceeds the  . . . jurisdictional

requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S. Ct. 2877 (2008).

In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211 (emphasis added).  In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available.  *Id*. at 1210.

Similarly, in this case, the court finds that the allegations of the amount in controversy made in the notice of removal coupled with the unspecified damages contained in the complaint are insufficient to establish satisfaction of the amount in controversy requirement.[2]  In their notice of removal, Defendants unpersuasively

---

[2]  The court notes that West does allege in her complaint that she brings "an action in excess of TEN THOUSAND DOLLARS ($10,000) exclusive of all interest, costs, and attorney fees." (Doc. 1 at Ex. A at Compl. ¶ 1).  This statement of amount in controversy is offered as part of the jurisdictional background applicable in state circuit court and, regardless, does not unambiguously establish satisfaction of the

maintain that even though West has failed to ask for any specific monetary award, her assertion of claims for negligence and wantonness, negligent entrustment, and uninsured/underinsured insurance motorist benefits and her demand for unspecified compensatory and punitive damages make this case appropriately removable. (Doc. 1 ¶ 9). Such an amount in controversy statement is insufficient under *Lowery*'s holding that a removing party show the existence of federal jurisdiction without any ambiguity.[3] *Id.*, 483 F.3d at 1214.

In their petition, Defendants do not even acknowledge the existence of *Lowery* much less explain how their present removal satisfies the opinion's multi-faceted jurisdictional standard. Instead, Defendants unhelpfully cite <u>only</u> to pre-*Lowery* decisions. (*See, e.g.,* Doc. 1 ¶¶ 10-11 (citing *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*,721 F. Supp. 281 (S.D. Ala. 1989); *Kilpatrick v. Martin K. Eby Constr. Co., Inc.*, 708 F. Supp. 1241,

---

federal minimum. *See* Ala. Code § 12-11-30 (1) ("Civil. <u>The circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs</u>, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs.") (emphasis added).

[3] Although Defendants do not rely upon it in their notice, equally inadequate to unambiguously establish amount in controversy is West's description of her injuries <u>without any corresponding estimates of their monetary value</u>. (Doc. 1 at Ex. A at Compl. ¶ 15).

1242-43 (N.D. Ala. 1989); *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (other citations omitted)).

Furthermore, several persuasive post-*Lowery* opinions exist that support remanding this case for Defendants' failure to satisfy the amount in controversy requirement. *See, e.g., Beasley v. Fred's Inc.*, No. 08-0120-WS-C, 2008 WL 899249, at *1 (S.D. Ala. Mar. 31, 2008) (remanding *sua sponte* because "[t]he amount in controversy [was] not apparent from the face of the complaint, because there [was] no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not"); *Spivey v. Fred's Inc.*, 554 F. Supp. 2d 1271, 1275 (M.D. Ala. 2008) (remanding *sua sponte* on the basis that the "court is not permitted to speculate as to the amount of damages in evaluating whether the jurisdictional amount has been met"); *Siniard v. Ford Motor Co.*, 554 F. Supp. 2d 1276, 1278 (M.D. Ala. 2008) (granting motion to remand in removed <u>wrongful death action</u> on grounds that "defendant and the court may not speculate about the amount in controversy, nor should 'the existence of jurisdiction' be 'divined by looking to the stars'") (citing *Lowery*, 483 F.3d at 1215).[4]

---

[4] The undersigned has also rendered several *Lowery*-based remand decisions from which the analysis and disposition of this case persuasively flow. *See, e.g., Smith v. Parker*, No. 4:08-CV-901-VEH, (Docs. 10, 11) (N.D. Ala. July 11, 2008); *Wright v. Allstate Ins. Co.*, No. 1:08-CV-449-VEH, (Docs. 6, 7) (N.D. Ala. Apr. 23, 2008); *Standfield v. Fleet Global Services*, No. 2:07-CV-2307-VEH, (Docs. 10, 11)

While this court recognizes that the requisite amount in controversy might exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case").[5] "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction." *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007) (citing *Lowery*, 483 F.3d at 1214 (citing *Bosky v. Kroger Texas, LP*,

_____

(N.D. Ala. Mar. 11, 2008).

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

288 F.3d 208, 211 (5th Cir. 2002) ("holding that the document must be 'unequivocally clear and certain'")).

The court recognizes that Defendants do further state in their petition that they "will not object to a Motion to Remand this action if the Plaintiff <u>and</u> Plaintiff's attorney state in writing to this Court that they seek less than $75,000 in tort damages and that Plaintiff will not accept any award in excess of $75,000. Absent such affidavit, the jurisdictional amount requirement has been met based upon the Plaintiff's Complaint." (Doc. 1 ¶ 12). The standard on removal is not whether a removing defendant has an objection to remand based upon a plaintiff's willingness to execute a damages stipulation and, not surprisingly, noticeably absent from these sweeping statements by Defendants is <u>any</u> supportive case authority. Therefore, this particular paragraph does nothing to unambiguously establish satisfaction of the jurisdictional threshold consistent with *Lowery*.

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215. Accordingly, Defendants have not satisfied their preponderance of evidence standard by unambiguously establishing the amount in controversy as

mandated under *Lowery*, and the case is due to be remanded for lack of subject matter jurisdiction for this reason.

## III.   CONCLUSION

Therefore, due to a want in the requisite amount in controversy, the court lacks subject matter jurisdiction under § 1332, and the case is due to be remanded *sua sponte* under the controlling authority of *Lowery*.   Accordingly, an order will be entered remanding the case to the Circuit Court of Calhoun County, Alabama.

Further, because the jurisdictional issues are straightforward, the court sees no benefit to ordering briefing or holding a hearing and, in its discretion, declines to do either.

**DONE** and **ORDERED** this the 30th day of September, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

11